IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JIMMY RONTRAIL SANDERS, #55995 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv79 |
| OFFICER C. LUSK, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Jimmy Rontrail Sanders, a former inmate confined at the Gregg County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. For reasons explained below, the Court recommends that this lawsuit be dismissed, without prejudice, for Plaintiff's failure to prosecute his own case.

As an initial matter, this lawsuit is **REOPENED**. On June 15, 2020, the Court granted Defendants' motion to stay the case, as a result of Plaintiff's pending prosecution, (Dkt. #18), and administratively closed the case. Plaintiff has not contacted the Court since March 2020. Moreover, online judicial records from Gregg County reveal that he was convicted of assaulting a police officer and harassment of a public servant on January 30, 2020.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of

1

time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff Sanders has failed to contact the Court since March 2020. His failure to do so over such a significant lapse of time evinces his failure to prosecute his own lawsuit. *See, e.g.*, *Callier v. Cain*, 2012 WL 2602958, at *1 n.1 (W.D. La. June 6, 2012) ("Indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago.").

Plaintiff's failure to prosecute this case is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

In accordance with *Campbell v. Wilkinson*, the Court further recommends suspending the statute of limitations in this case for a period of 60 days from date of final judgment. 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to prosecute his case. The Court further recommends that the statute of limitations be suspended for a period of 60 days from the date of final judgment.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 24th day of October, 2022.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE